IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CICI ENTERPRISES, LP and YES CAPS, LLC, <br><br>                    Plaintiffs, <br><br> v. <br><br> MUCHO PIZZA, LLC, SUN HOLDINGS, INC., PAPA TEXAS, LLC, and GUILLERMO PERALES, <br><br>                    Defendants. | Case No. 3:22-cv-00033 |

## PROTECTIVE ORDER

The parties to this Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

1. <u>Scope</u>. This Protective Order governs the use and disclosure of all materials produced or adduced in the course of discovery in the above-referenced matter ("Matter"), including initial disclosures, objections and responses to discovery requests, deposition testimony and exhibits, documents produced and information derived directly therefrom that are "Confidential Material" as defined below.

2. <u>Document Productions.</u> The parties agree that discovery will require production of electronically stored information ("ESI"). To facilitate discovery of ESI, the parties agree to collect and preserve documents in their native format and produce documents in searchable PDF files on digital medium, such as a flash drive or CD, or through a secured file sharing platform such as a FTP site. If deemed necessary, the parties may also request that certain file types, such as Microsoft Excel files, be produced in their native format as an additional supplement to the items above. The

1

parties agree that production in this manner will be advantageous in that it will allow for any necessary redactions and Bates stamping, and will facilitate the use of ESI as exhibits during depositions, in motion practice, and at trial. The parties will initially conduct their own keyword searches. The parties agree to meet and confer to address any issues as they may arise, including with regards to keyword searches. If the parties are unable to resolve the dispute, the challenging party may seek relief from the Court.

      3.     <u>Confidential Material</u>. As used in this Protective Order, "Confidential Material" means information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the designating party.

A party may designate as "CONFIDENTIAL" any discovery material it produces in this Matter that contains: (a) information prohibited from disclosure by statute, common law, or legally binding agreements with third-parties; (b) information that reveals confidential or proprietary research, technical, commercial, business, or financial information; (c) personal identity information; (d) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (e) personnel or employment records; or (f) documents that reveal commercial, financial, medical, or personal identity information about persons who are not parties to this Matter. Information or documents that are available to the public may not be designated as Confidential Material.

A party may further restrict access to Confidential Material by designating it as "ATTORNEYS' EYES ONLY" when the Confidential Material reflects highly confidential, sensitive, or proprietary information that even otherwise-restricted disclosure of such information or documents could cause significant business harm or hardship to the designating party or revealing party or third-party. Those general categories include (a) proprietary data, or business,

financial, or commercial information, the disclosure of which to business personnel is likely to cause harm to the competitive or financial position of the designating party or revealing party or third-party; (b) any information, document, or thing that qualifies as a trade secret under applicable state or federal law; and (c) nonpublic information relating to products, businesses, or services in development, business and marketing plans or strategies, or business and marketing plans or strategies in development.

      4.      <u>General Protections</u>. The party receiving Confidential Material agrees that it shall use Confidential Material only for purposes of this Matter. Any party may designate all or any portion or portions of any material, including discovery responses, documents, or deposition testimony or exhibits, as Confidential Material. Subject to the provisions of Paragraph 5 of this Protective Order, any material so designated shall constitute Confidential Material and is subject to the terms of this Protective Order.

      5.      <u>Designation</u>. A party may designate as Confidential Material for protection under this Protective Order:

          (i)      A document and all copies by placing or affixing thereon, in such a manner as will not interfere with the legibility of the document, the following notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, and descriptions that contain the Confidential Material. The marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Any copies that are made of any documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall also be marked, except that indices, electronic databases, or lists of documents that

do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of Confidential Material are not required to be marked.

    (ii) In the case of deposition testimony, by either (a) stating orally on the record of the deposition that certain information or exhibits are Confidential Material or (b) sending written notice designating such information, testimony, or exhibits as Confidential Material within fifteen (15) days of receipt of the deposition transcript, and in no event later than thirty (30) days after the testimony was given. Until expiration of this time period, the deposition transcripts shall be treated as Confidential Material. Within this time period, a party may serve a notice of designation to all parties of record as to specific portions of the testimony that are designated Confidential Material, and thereafter only those portions identified in the notice of designation shall be protected by the terms of this Protective Order. The failure to serve a timely notice of designation shall waive any designation of testimony taken in that deposition as Confidential Material, unless otherwise ordered by the Court.

    (iii) Any material containing a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation and the information contained therein shall be deemed Confidential Material in its entirety unless the party designating the material as Confidential Material clearly indicates that only a portion thereof is to be covered by the notice of confidentiality.

  6. <u>Limited Third-Party Disclosures</u>. Except upon receipt of the prior written consent of the designating party or upon order of the Court, materials designated as Confidential Material shall be disclosed only as follows:

    (i) Any information designated as "CONFIDENTIAL" may be disclosed solely to the following persons:

      (a) **Counsel.** Outside counsel for the parties and employees of outside counsel who have responsibility for the Matter;

(b) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Matter in which the information is disclosed;

(c) **The Court and its personnel**;

(d) **Court Reporters and Recorders.** The reporters and recorders engaged for depositions;

(e) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(f) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and hearing of this Matter, but provided that (1) such person is not regularly engaged in any activity that places him or her in competition with the products or services provided by the designating party; and (2) such person has completed the certification contained in **Attachment A, Acknowledgment and Agreement to Be Bound**;

(g) **Witnesses at depositions.** During their depositions, witnesses in this Matter to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Counsel will request that their witnesses return or destroy documents containing Confidential Material upon completion of review of the transcript. Pages of transcribed testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Protective Order must be separately bound by the reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(h) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of this Matter); and

(i) **Others by consent.** Other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered.

(ii)     Any information designated as "ATTORNEYS' EYES ONLY" may be disclosed solely to the persons and entities identified in Paragraph 6(i)(a), (c), (f), (h), or (i).

(iii)    Before Confidential Material may be shown or disclosed to persons and identities identified in Paragraphs 6(i)(e), (f), and (g) who did not author, generate, or previously receive such Confidential Material, such person or entity shall be advised of this Protective Order and complete the certification contained in **Attachment A, Acknowledgment and Agreement to Be Bound**. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Protective Order for their respective party for a period of one year after the conclusion of this Matter.

7.    Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document, provided, however, that a failure to serve a timely notice of designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Material.

8.    Filing or Disclosure of Confidential Material. No party may file a document designated as Confidential Material on a public docket without first seeking leave to file the document under seal in accordance with Local Rule 79.3, subject to the terms of this Protective

Order. Absent an order allowing the motion to file under seal, if a party wishes to include Confidential Material in any submission to the court, that party shall file a redacted version of such materials with the court, deleting all of the Confidential Material, and, where practical, the party making the filing shall attempt to reach agreement with the designating party concerning the particular redactions prior to such filing. The filing with the court of any Confidential Material not under seal, under any circumstances, shall not be deemed to waive or limit any restriction contained in this Protective Order as to that Confidential Material or as to any other Confidential Material. No party shall under any circumstances sell, offer for sale, advertise, or otherwise publicize Confidential Material. **The parties must not unreasonably file under seal pleadings, motions, or other papers that do not qualify for protection from disclosure under this Order. Rather, the parties must attempt to file unsealed as much of a pleading, motion, or other paper as they reasonably can without undermining the protections conferred by this Order.**

      9.      <u>Confidential Material Subpoenaed or Ordered Produced in Other Litigation</u>. In the event any person or party having possession, custody, or control or knowledge of any information, documents, or things designated as Confidential Material receives a subpoena or other process or order to provide such information, documents, or things, such person or party shall promptly notify counsel for the designating party, shall furnish that counsel with a copy of said subpoena or other process or order, inform in writing the party who caused the subpoena or other process or order to issue that some or all of the material covered by the subpoena or other process or order is the subject of this Protective Order and deliver a copy of this Protective Order, and shall cooperate with respect to any procedure sought to be pursued by the designating party whose interests may be affected. The party asserting the confidential treatment shall have the obligation of defending against such subpoena, process, or order. The person or party receiving the subpoena or other

process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

10. <u>Challenges by a Party to Designation as Confidential Material</u>. Any party may challenge the designation of any Confidential Material at any time. In the event of such challenge, the challenging party shall first make a reasonable attempt to resolve the dispute by conferring with the designating party. If the parties are unable to resolve the dispute, the challenging party may seek relief from the Court. Until the Court rules on the motion regarding a challenge, all parties shall continue to treat the materials as originally designated under the terms of this Protective Order.

11. <u>Inadvertent Disclosure</u>. The inadvertent, unintentional, or in camera disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

12. <u>Inadvertent Disclosure of Privileged Material</u>. The inadvertent, unintentional, or in camera production or disclosure of any document or information protected by attorney-client privilege, attorney work product, or other privilege, immunity, or protective doctrine ("Privileged Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the designating party in this or any subsequent proceeding regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of Privileged Material by the other party, that party shall provide prompt written notice of such production or disclosure to the other party. Within five (5) days of receipt of such notice, the party in receipt of the Privileged Material shall return to the designating party all such material and copies thereof.

13. <u>Rights and Duties of the Parties</u>.  Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Material; however, any objections to use or disclosure by a party must be in good faith and not interposed for purposes of delay or harassment.

14. <u>Obligations on Conclusion of Matter</u>. All Confidential Material shall either be destroyed or returned to counsel for the designating party within sixty (60) business days after the complete, final judgment and exhaustion of appeals, if any, and no copies as defined in Paragraph 5(i) shall be retained by any other person, including counsel. Where the parties agree to destruction in lieu of return, the receiving party must submit a written certification to the producing or designating party by the 60-business days deadline affirming that the receiving party has destroyed and not retained any Confidential Material or copies thereof. Counsel for each party may, however, retain documents reflecting any work product including, without limitation, copies of pleadings, briefs, other documents filed with the Court, deposition transcripts and exhibits and all documents required to be retained by the ethics rules of the jurisdiction the Counsel is licensed to practice, provided that all such documents remain subject to the terms of this Protective Order. **This paragraph does not apply to the Court or any Court staff.**

15. <u>Modification</u>. This Protective Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. <u>Persons Bound</u>. This Protective Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Protective Order by its terms.

**SO ORDERED**.

September 14, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

**\*\*THE BOLD, UNDERLINED LANGUAGE WAS ADDED TO THIS ORDER BY THE COURT AFTER IT WAS SUBMITTED BY COUNSEL FOR THE PARTIES.**

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| CICI ENTERPRISES, LP and YES CAPS, LLC,<br><br>                      **Plaintiffs,**<br><br>                      v.<br><br>MUCHO PIZZA, LLC, SUN HOLDINGS, INC., PAPA TEXAS, LLC, and GUILLERMO PERALES,<br><br>                      **Defendants.** | **Case No. 3:22-cv-00033**<br><br>**Hon. Barbara M. G. Lynn** |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of this Matter in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Material in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Material to any other person, firm, or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____

_____

Date: _____          _____
                                                                              Signature